UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BYRON K. LINDER, | ) | CIVIL ACTION NO. 1:21-CV-1211 |
| Plaintiff | ) | |
| | ) | (KANE, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| AMAZON.COM SERVICES, LLC, | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

I. INTRODUCTION

In July of 2021, Byron K. Linder ("Plaintiff") initiated this employment discrimination case alleging that his termination was the result of racial discrimination, and that Defendant later retaliated against him by refusing to hire Plaintiff at a different facility. Currently before the Court is Plaintiff's motion to file a second amended complaint. (Doc. 28). Defendant opposes Plaintiff's motion to amend on the basis that amendment would be futile and would unduly delay the resolution of this action.

For the reasons explained herein, Plaintiff's motion to amend (Doc. 28) will be granted.

II. BACKGROUND & PROCEDURAL HISTORY

A. PLAINTIFF'S TERMINATION

Plaintiff is an African American man. (Doc. 16, ¶ 9); (Doc. 26, ¶ 9). On November 5, 2019, Defendant hired Plaintiff to work as a warehouse associate at

DPH-7. (Doc. 16, ¶ 8); (Doc. 26, ¶ 8). Eventually, Plaintiff was promoted to the position of yard marshal. *Id.* Plaintiff was the only African American yard marshal employed at the DPH-7 location. (Doc. 16, ¶ 9); (Doc. 26, ¶ 9).

In June 2020, Plaintiff's supervisor was replaced by Jay Carroll. (Doc. 16, ¶ 10); (Doc. 26, ¶ 10).

Defendant has a policy prohibiting employees from being in the yard alone. (Doc. 16, ¶ 17); (Doc. 26, ¶ 17). On March 26, 2021, Plaintiff was in the yard with two co-workers. (Doc. 16, ¶ 19); (Doc. 26, ¶ 19).

In early spring 2021, Mr. Carroll assigned Plaintiff to the night shift without his input or consent. (Doc. 16, ¶¶ 11-13); (Doc. 26, ¶¶ 11-13). Plaintiff alleges that this shift assignment conflicted with his other commitments. (Doc. 16, ¶¶ 11-13); (Doc. 26, ¶¶ 11-13). On April 8, 2021, Plaintiff offered his two-week notice because he could not work the night shift. (Doc. 16, ¶ 15); (Doc. 26, ¶ 15).

On April 9, 2021, Plaintiff was called to Human Resources and terminated because he violated Defendant's policy prohibiting employees from being in the yard alone on March 26, 2021. (Doc. 16, ¶¶ 16, 17); (Doc. 26, ¶¶ 16, 17). Plaintiff alleges Defendant had no proof that he had violated the policy, and that similarly situated Caucasian employees were regularly in the yard alone and were not subject to employee discipline. (Doc. 16, ¶¶ 18, 20); (Doc. 26, ¶¶ 18, 20). Plaintiff implies that Mr. Carroll reported the "violation" or initiated the disciplinary process.

On April 9, 2021, Plaintiff contacted Defendant's ethics hotline and filed a complaint of race discrimination against Mr. Carroll. (Doc. 16, ¶ 21); (Doc. 26, ¶ 21). On the same day Plaintiff dual-filed a complaint with the EEOC and PHRC alleging he was terminated because of his race. (Doc. 16, ¶¶ 5, 21); (Doc. 16, ¶¶ 5, 21). On June 21, 2021, the EEOC issued a right to sue letter. (Doc. 16, ¶ 6); (Doc. 26, ¶ 6).

    B.    DEFENDANT'S DECISION NOT TO HIRE PLAINTIFF AT DPL-2

At the time he was terminated, Plaintiff had three pending applications for advancement with Defendant at its new location on Grayson Road in Dauphin County, Pennsylvania ("DPL-2"). (Doc. 16, ¶ 14); (Doc. 26, ¶ 14). Plaintiff alleges that Mr. Carroll was responsible for approving the pending applications. (Doc. 16, ¶ 23); (Doc. 26, ¶ 23). Plaintiff alleges that his applications for advancement were denied because he called the ethics hotline to report Mr. Carroll and because he filed an EEOC/PHRC complaint. (Doc. 26, ¶ 24).

He alleges that his applications were denied after he called the ethics hotline and filed the EEOC/PHRC complaint. (Doc. 26, ¶ 25).

C.     PROCEDURAL HISTORY IN THIS ACTION

On July 9, 2021, Plaintiff initiated this action by filing a *pro se* complaint ("original complaint") against his former employer. (Doc. 1).[1] On October 11, 2021, Defendant filed a motion to dismiss. (Doc. 9). Along with its motion, Defendant filed a brief in support. (Doc. 10). On October 25, 2021, counsel entered an appearance on Plaintiff's behalf. (Doc. 13). On October 26, 2021, Plaintiff requested an extension of time to respond to the pending motion to dismiss, and reported that he intended to respond by filing an amended complaint. (Doc. 14). On October 27, 2021, the Court granted Plaintiff's motion. (Doc. 15).

On November 9, 2021, Plaintiff filed his first amended complaint. (Doc. 16). The first amended complaint is currently the operative complaint in this case. *Id.* In the first amended complaint, Plaintiff names one Defendant—Amazon Services, LLC.

In the first amended complaint, Plaintiff alleges the following legal claims:

(1)   Count I: Race Discrimination under 42 U.S.C. § 1981;

(2)   Count II: Retaliation under 42 U.S.C. § 1981;

(3)   Count III: Racial Discrimination based on a theory of Disparate Treatment under Title VII; and

---

[1] On September 27, 2021, before Defendant filed its motion to dismiss, Plaintiff submitted a document, written on a complaint form titled an "addendum" to his complaint. (Doc. 8). This document was not construed as an amended complaint.

(4) Count IV: Retaliation under Title VII.

As relief, Plaintiff requests:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his race and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and/or retaliating against employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, trailing, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination and/or retaliation at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages pursuant to Section 1981 and Title VII;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

> i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage—or ceases engaging—in illegal retaliation against Plaintiff or other witnesses to this action; and
>
> j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

(Doc. 16, pp. 10-11).

On December 20, 2021, Defendant filed a motion to dismiss the retaliation claims asserted in the amended complaint. (Doc. 22). Along with its motion, Defendant filed a brief in support. (Doc. 23). On the same day, Defendant filed an answer to Plaintiff's racial discrimination claims only. (Doc. 24).

After being directed to respond to the motion to dismiss, Plaintiff filed a second amended complaint without seeking prior leave of court. (Doc. 26).

In his proposed second amended complaint, Plaintiff made a small number of substantive changes.

In his "Statement of Facts" section, Plaintiff added the following paragraph:

> 25. Specifically, Defendant retaliated against Mr. Linder for his complaints to the Ethics Hotline and the EEOC by refusing to consider his applications for advancement with Defendant, which denials occurred subsequent to his complaints.

(Doc. 26, ¶ 25).

Under Count II, Plaintiff deleted paragraph 35 of the first amended complaint. He also replaced the phrase "retaliatory termination" in paragraph 36 with the phrase

"retaliatory refusal to hire Mr. Linder or even consider his applications for other positions." (Doc. 26, ¶ 36).

Under Count IV, Plaintiff deleted paragraph 47, and revised paragraph 46, which initially referenced a termination. Paragraph 46 in the proposed second amended complaint states:

> 46. Specifically Defendant refused to consider Plaintiff's applications for advancement and denied the same subsequent to his complaints to Defendant's Ethics Hotline and the EEOC.

(Doc. 26, ¶ 46).

On January 14, 2022, the Court issued an order advising Plaintiff that it would treat the second amended complaint as a proposed amended complaint, and directed Plaintiff to file a proper motion to amend. (Doc. 27). Plaintiff was also directed to respond to Defendant's pending motion to dismiss. *Id.*

On January 24, 2022, Plaintiff filed a motion to amend. (Doc. 28). On January 25, 2022, Plaintiff filed a brief in support of the motion to amend. (Doc. 29).

On February 7, 2022, Plaintiff filed a brief in opposition to Defendant's pending motion to dismiss. (Doc. 31).

On April 11, 2022, the Court directed Defendant to respond to Plaintiff's motion to amend. (Doc. 34).

No party filed a reply brief to the motion to dismiss or motion to amend.

III.     LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend a complaint.[2] This rule provides for three ways by which a Plaintiff may amend his complaint: (1) as a matter of course; (2) with the opposing party's written consent; and (3) by leave of court. Fed. R. Civ. P. 15. Here, Plaintiff seeks to amend his complaint by leave of court pursuant to Fed. R. Civ. P. 15(a)(2). This provision also provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Even under this liberal standard, however, a motion for leave to amend may be denied when it is justified. "Permissible justifications [for denying a request for leave to amend] include: (1) undue delay; (2) bad faith of dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995). "The Third Circuit has interpreted these factors to emphasize that prejudice to the non-moving party is the touchstone for the denial of a request for leave to amend." *Tarkett Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D. Pa. 1992) (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)).

---

[2] "Among the District Courts within the Third Circuit, a motion to amend is generally treated as a nondispositive matter, subject to decision by the magistrate judge." *Aguiar v. Recktenwald*, No. 3:13-CV-2616, 2014 WL 6062967 at *3 n. 2 (M.D. Pa. Nov. 12, 2014).

IV.     ANALYSIS

Plaintiff argues that he should be permitted to amend his retaliation claims to clarify that Plaintiff was subject to a retaliatory failure to rehire, as opposed to the retaliatory termination claims asserted in the first amended complaint. Specifically, Plaintiff contends:

> In the instant matter, justice requires that Plaintiff be given leave to amend his complaint. In Plaintiff's First Amended Complaint, Plaintiff alleged facts that Defendant retaliated against him as a result of his complaint of discrimination to the EEOC by rejecting his pending applications for advancement/employment. However, under the specific Count allegations of retaliation, Plaintiff only alleged that Defendant retaliated against him by terminating his employment, without specifically alleging that said retaliation included Defendant rejecting his pending applications for advancement/employment.
>
> Defendant's Partial Motion to Dismiss dealt specifically with Plaintiff's retaliation claims. Specifically, Defendant alleged that Plaintiff could not maintain a claim of retaliatory termination where Plaintiff had engaged in the protected activity subsequent to his termination. In response, Plaintiff's counsel filed a Second Amended Complaint to amend the retaliation claims set forth in Counts II and IV to include a reference back to the facts already alleged, that the retaliation (rejection of applications) occurred after the protected activity (reporting race discrimination). As such, the purpose of Plaintiff's Second Amended Complaint, which he filed within twenty-one (21) days pursuant to FRCP Rule 15(a)(1)(B), was to address the basis for Defendant's partial dismissal request by clarifying the pleadings so that the facts as pled in the First Amended Complaint were consistent with the specific allegations of the retaliation claims set forth in Counts II and IV. This amendment would simply render moot the basis of Defendant's Partial Motion to Dismiss.
>
> Plaintiff's leave request is proper in that Plaintiff's First Amended Complaint contained sufficient factual pleadings to put Defendant on notice as to the nature of his claim for retaliation. Moreover, Defendant

will not be unfairly prejudiced should this Honorable Court grant Plaintiff's request for leave to file a Second Amended Complaint. Rather, Plaintiff would be unfairly prejudiced unless granted leave to file a Second Amended Complaint. "The court should freely give leave when justice so requires." FRCP 15(a)(2). By granting Plaintiff leave to amend, the court will protect the interests of justice while simultaneously resolving Defendant's concerns as raised by its Partial Motion to Dismiss.

Finally, judicial economy will be served by granting Plaintiff leave to file a Second Amended Complaint so that he would not be forced to file a different complaint for his Section 1981 retaliation claim, which is still within its applicable four (4) year statute of limitations.

(Doc. 29, pp. 3-5).

In response, Defendant argues that Plaintiff's motion to amend should be denied for two reasons: (1) futility of amendment; and (2) undue delay.

Plaintiff did not file a reply.

I will address each of Defendant's arguments below.

    A.    WHETHER PLAINTIFF'S RETALIATION CLAIMS IN THE PROPOSED SECOND AMENDED COMPLAINT WOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

The legal standard applicable to a Section 1981 retaliation claim is identical to the standard in a Title VII case. Therefore, I will address these claims together.

To establish a *prima facie* case of retaliation, Plaintiff must allege that: (1) he engaged in protected activity; (2) the employer took an adverse action against him; and (3) a causal link exists between the Plaintiff's protected activity and his employer's adverse action. *Bartlett v. Kutztown Univ*, 2015 WL 76600 (E.D. Pa.

Feb. 23, 2015). Several courts in our state have said that when a plaintiff claims retaliation in the form of failure to hire, the plaintiff must also show that: (4) they applied for an available job; and (5) they were qualified for the position. *See id.*; *Janowski v. Sage Client 441, LLC*, 2013 WL 264904 at *4 (W.D. Pa. Jan. 4, 2013).

In this case, Plaintiff alleges that he gave his two-week notice at his job on April 8, 2021 because his shift assignment was changed and he could not work his new shift, and because he anticipated he would be hired for one of the three positions with Defendant he applied for at a new location. Plaintiff does not allege that the shift change was retaliatory or discriminatory.

Plaintiff alleges that three things happened on April 9, 2021: (1) he was fired for being in the yard alone, which he contends other white yard supervisors are allowed to do; (2) he called the ethics hotline to report race discrimination related to his termination; and (3) he dual-filed a complaint with the EEOC and PHRC alleging race discrimination due to his termination.

Plaintiff also alleges that he was not hired for any of the three positions he applied for. He does not allege *when* he received notice that he was not hired. The basis for his retaliation claims in the proposed second amended complaint is that he was not hired *because* he called the ethics hotline and dual-filed a complaint with the EEOC and PHRC.

       1.    Whether Plaintiff Pleaded Facts Adequate to Show He Was Qualified For the Positions He Applied For

Defendant argues that Plaintiff has not pleaded enough facts in the proposed second amended complaint to show that he was qualified for any of the three "advancement" opportunities he applied for, and that the failure to do so makes amendment futile because his proposed second amended complaint would be subject to dismissal. Specifically, Defendant argues:

> Plaintiff's retaliation claims, Counts II and IV, are substantively deficient and would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* Plaintiff has not stated a plausible claim for relief against Amazon with respect to his claims of retaliation under Title VII or § 1981.
>
> Amazon's previous Partial Motion to Dismiss was supported by the fact that Plaintiff's termination occurred prior to his internal complaints and EEOC charge, thereby undermining his claims of retaliatory termination. Plaintiff's newly alleged claims of retaliation appear to rely instead on a theory of retaliatory failure to hire/promote. Notably, however, Plaintiff has failed to allege that he was qualified for the "advancement" opportunities to which he applied. To state a claim for retaliation, Plaintiff must allege that (a) he engaged in protected activity, (b) he was subject to an adverse employment action, and (c) there was causation between the protected activity and the adverse action. *Moore v. Secretary U.S. Department of Homeland Security*, 718 Fed. App'x 164, 166 (3d Cir. 2017).
>
> "To establish causation at the prima facie stage, a plaintiff must introduce evidence about the scope and nature of conduct and

> circumstances that could support the inference of a causal connection." *Collins v. Kimberly-Clark Pennsylvania, LLC*, 247 F. Supp. 3d 571, 597 (E.D. Pa. 2017). Furthermore, in the context of a claim for retaliatory failure to hire/rehire, Plaintiff must allege, inter alia, that he applied and was qualified for an available position. *Bartlett v. Kutztown University*, Civ. Action No. 13-4331, 2015 WL 766000, at *10 (E.D. Pa. Feb. 23, 2015) (granting defendants' motion to dismiss plaintiff's claim of retaliatory failure to hire/rehire because she had not provided allegations to support the adverse action or causation elements of her prima facie case); *see also Janowski v. Sage Client* 441, LLC, Civ. Action No. 12-986, 2013 WL 264904, at *4 (W.D. Pa. Jan. 4, 2013).
>
> Plaintiff has not alleged that he was qualified for the positions to which he applied—indeed he has not even stated what the positions were or what the necessary qualifications were for advancement. In the absence of those allegations, Plaintiff has not sufficiently alleged that there was causation between his protected activity and Amazon's failure to promote him. *See, e.g., Schmid v. Slippery Rock University*, Civ. Action No. 2:06-cv-365, 2008 WL 11509978, at *7-8 (W.D. Pa. Aug. 21, 2008). In *Schmid*, the Western District of Pennsylvania held that an employer could rely on a candidate's lack of objective qualifications as a basis for failing to promote that candidate. *Id.* at *8 (granting summary judgment on plaintiff's retaliatory failure to promote claim). Because Plaintiff has not provided any allegations related to his qualifications for the positions he applied for, his assertion that Amazon's failure to promote him was retaliatory is nothing more than a bare legal conclusion. In light of the above-mentioned deficiencies, Plaintiff's Third Amended Complaint fails to state a claim for retaliation under either Title VII or Section 1981. Plaintiff has had sufficient chances to amend his complaint; any further opportunities to amend would be prejudicial to Amazon.

(Doc. 34, pp. 4-6).

Plaintiff did not file a reply.

In the proposed second amended complaint (Doc. 26), Plaintiff alleges that he worked as a Warehouse Associate and Yard Marshal for Defendant at its DPH-7

location from November 2019 until April 2021—almost seventeen months. Plaintiff alleges that the three pending "applications for advancement" were with Defendant at a new location on Grayson Road, Dauphin County, Pennsylvania ("DPL-2"). Plaintiff has not identified or alluded to the nature of the positions he applied for and he has specifically pleaded that these positions would be considered a promotion when compared to his previous position as a Yard Marshal. He also alleges that:

> 15.   Since he would be unable to work the night shift, and in light of his pending applications, Mr. Linder offered his two-week notice of resignation on or about April 8, 2021.

(Doc. 26, ¶ 15).

In deciding whether a complaint fails to state a plausible claim, the Court is required to accept all factual allegations as true, accept any reasonable inferences that can be drawn as true, and construe the complaint in the light most favorable to Plaintiff. In this case, judging by the facts pleaded related to his employment history with Defendant (seventeen months of employment with a history of being promoted once), and the facts alleged about what he did (he put in his two weeks based on his belief that he would be hired to work at the other facility), I reasonably infer that Plaintiff believed himself to be qualified for the positions he applied for. Accordingly, I find that based on a reasonable reading of the proposed second amended complaint Plaintiff has pleaded enough facts for his retaliation claims to proceed past the motion to dismiss stage.

        2.        **Whether Plaintiff Has Pleaded Enough Facts To Show That His Applications Were Denied Because Plaintiff Called the Ethics Hotline and Filed EEOC and PHRC Complaints**

Defendant argues that, based on the facts alleged in the proposed second amended complaint, Plaintiff's applications were rejected on April 9, 2021—before Plaintiff called the ethics hotline or filed complaints with the EEOC or PHRC. Specifically Defendant contends:

> In addition to Plaintiff's failure to adequately plead retaliatory actions based on Amazon's failure to promote him, his amendments still fail to allege protected activities that occurred prior to any adverse employment action.
>
> Plaintiff alleges that he had three pending applications for promotions with Amazon on or before April 8, 2021. (Doc. 26). The timeline of Plaintiff's complaint suggests that he was terminated on April 9, 2021, and thereafter, made complaints to Amazon's Ethics Hotline and the EEOC. (Doc. 26). Based on the face of Plaintiff's Third Amended Complaint, Plaintiff's pending applications were quashed at the time of his termination. In other words, he could not have been considered for promotion(s) after his employment was terminated because promotions are forms of advancement for employees. Plaintiff was not Amazon's employee after his termination. Thus, Plaintiff's termination and application denials occurred before his alleged internal complaint of discrimination.
>
> Indeed, Plaintiff has not identified any protected activity that occurred prior to his termination. Plaintiff fails in that regard to allege facts sufficient to support the second prong of a retaliation claim—that he was subjected to an adverse employment action either after or contemporaneous with his protected activity. Rather, Plaintiff concedes that he engaged in the alleged protected activity only after he had already been terminated. He cannot, therefore, maintain a claim for retaliation under either Title VII or §1981.

(Doc. 34, pp. 6-7).

Plaintiff did not file a reply.

I am not persuaded by Defendant's argument that his applications for promotion were automatically denied when Plaintiff was terminated (i.e., *before* Plaintiff engaged in protected activity). Plaintiff specifically alleges that his applications for advancement were not denied until *after* he called the ethics hotline and filed his EEOC/PHRC complaints:

> 25. Specifically, Defendant retaliated against Mr. Linder for his complaints to the Ethics Hotline and the EEOC by refusing to consider his applications for advancement with Defendant, which denials occurred subsequent to his complaints.

(Doc. 26, ¶ 25).[3] Applying the motion to dismiss standard, the Court must accept this allegation as true. Thus, the proposed amendment is not futile based on Defendant's argument that the protected conduct occurred after Plaintiff's job applications were denied.

---

[3] Defendant does not raise the issue of whether, assuming the applications were rejected *after* Plaintiff filed his EEOC and PHRC complaints, Plaintiff failed to exhaust these claims. Nonetheless, I note that in some circumstances, an EEOC charge can satisfy the exhaustion requirement for acts occurring after the charge is filed under certain circumstances. *See e.g., Vaughn v. State of Del. Dep't of Ins.*, No. 19-2314, 2022 WL 2390182 (D. Del. July 1, 2022). It is not clear, at this stage, whether that is the case here.

B.    WHETHER FURTHER AMENDMENT WOULD CAUSE UNDUE DELAY

Defendant argues that Plaintiff's motion to file a second amended complaint should be denied because it would result in undue delay. Specifically, Defendant contends:

> Plaintiff amended his complaint once on September 29, 2021, prior to Amazon filing a responsive pleading. Plaintiff then moved to amend his complaint a second time after Amazon filed a motion to dismiss. (Doc. 14). The Court granted Plaintiff's motion to amend, citing Fed. R. Civ. P 15(a)(1)(A). (Doc. 15). Plaintiff filed his Second Amended Complaint on November 9, 2021 (Doc. 16), to which Amazon filed a Partial Motion to Dismiss Plaintiff's retaliation claims under Federal Rule 12(b)(6). (Doc. 22). Plaintiff has had ample opportunity to set forth his allegations in his original, first, second, and now third amended complaints. Plaintiff's piecemeal litigation tactics have forced Amazon to file two (and soon three) separate motions to dismiss, wasting the time and resources of both the parties and the Court. Plaintiff's Motion should be denied to avoid further undue delay.

(Doc. 34, pp. 7-8).

Plaintiff did not file a reply.

The "question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). As other courts have explained:

> There is no presumptive period in which a motion for leave to amend is deemed "timely" or in which delay becomes "undue." *Maersk,* 434 F.3d at 205. Further, delay alone does not justify denying a motion to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001). While it is true that the court should look to the moving party's reasons for not moving to amend sooner, unless the delay at issue will prejudice the non-moving party, a movant need not establish a compelling reason for its delay. *Astrazeneca AB v. Ranbaxy*

*Pharm., Inc.,* No. 05–5553, 2008 WL 5272018, at *6, 2008 U.S. Dist. LEXIS 102097, at *19 (D.N.J. Dec. 15, 2008) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981)).

*Formosa Plastics Corp., U.S.A. v. ACE American Ins. Co.*, 259 F.R.D. 95, 100 (D.N.J. 2009).

Although I agree that there is always some hardship on the opposing party when it is required to respond to a new pleading, that hardship is not "significant" in this case. In this context, "[p]rejudice involves the serious impairment of the defendant's ability to present its case." *Id.* In deciding whether a hardship to the opposing party is significant, courts consider whether permitting amendment would: "(1) require defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction." *Id.* at 99 (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

This case has been pending approximately one year. However, when it was initiated, Plaintiff was proceeding without an attorney. Defendant moved to dismiss the original *pro se* complaint. Four months later, counsel entered an appearance, and a few weeks later the first amended complaint was filed. In December 2021, Defendants moved to dismiss the first amended complaint (i.e., the first counseled complaint). Plaintiff filed the proposed second amended complaint fourteen days later. No case management deadlines have been set in this case and Defendant has

not filed a complete answer.[4] The proposed changes to the retaliation claims are predicated upon substantially the same factual basis as those in the first amended complaint. Accordingly, in the absence of any substantial prejudice to Defendant, Plaintiff will be permitted to proceed on the claims raised in the proposed second amended complaint.

V.  CONCLUSION

Accordingly, for the reasons explained herein:

(1) Plaintiff's motion to amend (Doc. 28) will be granted. The proposed second amended complaint (Doc. 26) is DEEMED filed.

(2) Defendant's pending motion to dismiss (Doc. 22) will be DEEMED MOOT.

(3) An appropriate order will be issued.

Date: August 24, 2022                              BY THE COURT

                                                   *s/William I. Arbuckle*
                                                   William I. Arbuckle
                                                   U.S. Magistrate Judge

---

[4] Defendant filed a partial answer responding only to Plaintiff's racial discrimination claims when it filed its motion to dismiss. (Doc. 24).